CJF7.11.20
PCM/BKM: USAO 2020R00535

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | **CRIMINAL NO.** _____ SAG-20-207 |
| | * | |
| JAMAI WELLS, | * | (Conspiracy to Interfere with |
| DANIEL WILLIAMS, and | * | Commerce by Robbery, 18 U.S.C. |
| DAVID BANKS, | * | § 1951(a); Interference with |
| | * | Commerce by Robbery, 18 U.S.C. |
| Defendants. | * | § 1951(a); Use, Carry, and Brandish |
| | * | a Firearm During and in Relation to |
| | * | a Crime of Violence, 18 U.S.C. |
| | * | § 924(c); Conspiracy to Brandish a |
| | * | Firearm During and in Relation to a |
| | * | Crime of Violence, 18 U.S.C. |
| | * | § 924(o); Aiding and Abetting, 18 |
| | * | U.S.C. § 2) |
| | * | |

*******

**INDICTMENT**

**COUNT ONE**
**(Conspiracy to Interfere with Commerce by Robbery (Hobbs Act Conspiracy))**

The Grand Jury for the District of Maryland charges that:

**Introduction**

1.    At all times relevant to this Indictment, the Shoe City store at 6534 Reisterstown Road in Baltimore, Maryland ("Shoe City"); the Metro PCS store at 4003 Frederick Avenue in Baltimore, Maryland ("Metro PCS"); the Family Dollar store at 5511 Edmondson Avenue in Baltimore, Maryland ("Family Dollar"); and the First Cash Pawn store at 6623 Reisterstown Road in Baltimore, Maryland ("First Cash Pawn") were businesses engaged in interstate commerce.

2.    From a time unknown, but no later than in or about July 2019, and continuing

through in or about August 2019, in the District of Maryland and elsewhere, the defendants,

**JAMAI WELLS,**
**DANIEL WILLIAMS, and**
**DAVID BANKS,**

did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to obstruct, delay, and affect commerce, and attempt to obstruct delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants agreed to take and obtain money and property from the person and presence of employees of Shoe City, Metro PCS, Family Dollar, and First Cash Pawn against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees by threatening serious physical injury and death to said employees.

## Manner and Means of the Conspiracy

3.     Among the manner and means by which the defendants and others conducted and participated in the conduct of the conspiracy were the following:

a.     It was part of the conspiracy that the defendants planned and organized robberies of businesses to obtain money and property.

b.     It was further part of the conspiracy the conspiracy that the defendants surveilled or "cased" the targeted business prior to the robberies.

c.     It was further part of the conspiracy that at least one defendant would use and brandish a firearm to detain, threaten, and restrain employees of the businesses who were present during the robberies.

d.     It was further part of the conspiracy that, during the robberies, the defendants who entered the businesses wore masks and gloves to conceal their identities.

2

e.    It was further part of the conspiracy that a co-conspirator would serve as a getaway driver if the intended robbery location required the members to travel.

f.    It was further part of the conspiracy that the defendants would sell the stolen property for profit.

### Overt Acts

4.    On or about July 7, 2019, **WELLS, WILLIAMS, BANKS**, and at least one other conspirator drove to Shoe City to facilitate a robbery of that business.  **BANKS** and a conspirator entered the business, brandished a firearm, and robbed it, stealing the business's proceeds.

5.    On or about July 17, 2019, **WELLS, WILLIAMS, BANKS**, and at least one other conspirator drove to Metro PCS to facilitate a robbery of that business.  **BANKS** and a conspirator entered the business, brandished a firearm, and robbed it, stealing the business's proceeds and property.

6.    On or about July 17, 2019, **WELLS, WILLIAMS, BANKS**, and at least one other conspirator drove to Family Dollar to facilitate a robbery of that business.  **BANKS** and a conspirator entered the business, brandished a firearm, and robbed it, stealing the business's proceeds.

7.    On or about August 12, 2019, **WELLS, BANKS**, and at least one other conspirator drove to First Cash Pawn to facilitate a robbery of that business.  **BANKS** and a conspirator entered the business, brandished a firearm, and robbed it, stealing the business's proceeds and property.

18 U.S.C. § 1951(a)

3

## COUNT TWO
### (Interference with Commerce by Robbery (Hobbs Act Robbery))

The Grand Jury for the District of Maryland further charges that:

1.   The allegations in Paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2.   On or about July 7, 2019, in the District of Maryland, the defendants,

**JAMAI WELLS,**
**DANIEL WILLIAMS, and**
**DAVID BANKS,**

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain money from the person and presence of an employee of the Shoe City store at 6534 Reisterstown Road in Baltimore, Maryland, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person by brandishing a firearm and threatening serious physical injury or death to said employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT THREE
### (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about July 7, 2019, in the District of Maryland, the defendants,

### JAMAI WELLS,
### DANIEL WILLIAMS, and
### DAVID BANKS,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which the defendants may be prosecuted in a court of the United States, that is, Interference with

Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged

in Count Two of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

5

## COUNT FOUR
**(Interference with Commerce by Robbery (Hobbs Act Robbery))**

The Grand Jury for the District of Maryland further charges that:

1.    The allegations in Paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2,    On or about July 17, 2019, in the District of Maryland, the defendants,

**JAMAI WELLS,**
**DANIEL WILLIAMS, and**
**DAVID BANKS,**

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain money and property from the person and presence of an employee of the Metro PCS store at 4003 Frederick Avenue in Baltimore, Maryland, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person by brandishing a firearm and threatening serious physical injury or death to said employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

6

## COUNT FIVE
**(Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about July 17, 2019, in the District of Maryland, the defendants,

**JAMAI WELLS,**
**DANIEL WILLIAMS, and**
**DAVID BANKS,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which the defendants may be prosecuted in a court of the United States, that is, Interference with

Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a), as charged

in Count Four of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

7

## COUNT SIX
### (Interference with Commerce by Robbery (Hobbs Act Robbery))

The Grand Jury for the District of Maryland further charges that:

1.      The allegations in Paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2.      On or about July 17, 2019, in the District of Maryland, the defendants,

**JAMAI WELLS,**
**DANIEL WILLIAMS, and**
**DAVID BANKS,**

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain money from the person and presence of an employee of the Family Dollar store at 5511 Edmondson Avenue in Baltimore, Maryland, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person by brandishing a firearm and threatening serious physical injury or death to said employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

8

## COUNT SEVEN
### (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about July 17, 2019, in the District of Maryland, the defendants,

**JAMAI WELLS,**
**DANIEL WILLIAMS, and**
**DAVID BANKS,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which the defendants may be prosecuted in a court of the United States, that is, Interference with

Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged

in Count Six of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

9

## COUNT EIGHT
### (Interference with Commerce by Robbery (Hobbs Act Robbery))

The Grand Jury for the District of Maryland further charges that:

1.    The allegations in Paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2.    On or about August 12, 2019, in the District of Maryland, the defendants,

### JAMAI WELLS and
### DAVID BANKS,

did knowingly obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain money and property from the person and presence of an employee of the First Cash Pawn store at 6623 Reisterstown Road in Baltimore, Maryland, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person by brandishing a firearm and threatening serious physical injury or death to said employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

10

## COUNT NINE
### (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about August 12, 2019, in the District of Maryland, the defendants,

### JAMAI WELLS and
### DAVID BANKS,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Eight of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

11

## COUNT TEN
### (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

1.    The allegations in Paragraphs 1 and 3 of Count One are incorporated by reference as if fully restated herein.

2.    From a time unknown, but no later than in or about July 2019, and continuing through in or about August 2019, in the District of Maryland, the defendants,

**JAMAI WELLS,**
**DANIEL WILLIAMS, and**
**DAVID BANKS,**

did conspire with persons known and unknown to use, carry, and brandish firearms during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a).

18 U.S.C. § 924(o)
18 U.S.C. § 1951(a)


ROBERT K. HUR
UNITED STATES ATTORNEY


A TRUE BILL:

REDACTED

ᐩFOREPERSON

7/21/2020
DATE

12